Cuma, per
Nott, J.
That land acquired after the execution of a will does not pass under it is a position not denied by the defendants. It is conceded, on the other side, that lands to which a testator has only equitable title may be devised. Langford v. Pitt, 2 Wms, 630. M’Kinnon v. Thompson, 3 John. Cha. Rep. 307. So that the only question is, whether the testator 1 . - . . , TIT- • 1-such an equitable title to the land in question as qualified it to pass under the residuary clause of his will 1 By the statute of frauds it is declared, that no parol contract, for the sale of land, &c. shall convey any greater estate therein than an estate at will; nor shall any action be brought upon any agreement for the sale of lands, &c. unless the same be in writing, &c. But it is contended that, in equity, where a parol contract has been partly executed on one side, the performance of it, on the other, will be enforced. And that as the testator went into possession of the land in this case, it was such a part performance, on his part, as would have authorized him to compel a specific performance on the other side. And therefore he had such an equitable title as rendered the land capable of passing by devise. I do not know that it has ever been held that a parol agree-men t for the sale of land, even when it had been so far executed that a Court of Equity would decree a specific performance of it, would convey a devisable interest, Neither do I think it necessary to look into the question, as I do not consider this case as coming within the principle. I admit that it is now a settled equity doctrine, that when the parol contract is admitted or proved, and has been carried into execution, on one part, as far as the party claiming the benefit of it can carry it into *38 effect, that a Court of Equity may compel a performance 0f ¡t on the other side. But this doctrine is directly in ^e ^ace °f statute of frauds, and ought not to be extended by judicial legislation. I concur in the opinions expressed by Lord Eldon and Lord Redesdale, that we ought not to go further on that subject than we are compelled by former decisions. Cooth v. Jackson, 6 Vesey, Jun. 37. Lyndsay v. Lynch, 2 Scho. & Lefr. 4. The ground upon which Courts of Equity thought themselves authorized to compel the performance of a parol contract for the sale of lands is, that the object of the statute was to prevent fraud, and. they would not give it such a construction as to enable a person to effect the very object which the statute was intended to prevent. The cases on this subject are somewhat contradictory, and do not appear to me to define, with the Prec's‘on which is desirable, the rule by which the Courts ought to be governed. But I think from the spirit of them, as far as they have come within my observation> the following requisites will be found necessary to authorize the interposition of a Court of Equity to compel a specific performance,
^ specific peí'-parol** contract for the sale of be clearly ve agreement was.
That it has carried ^into execution on with° the S'ap-’ Another of
who comesto formanceP6r" must shew that he has performed on tha/he’has been able and still was ready part^f0 the”8 contract.
That it must be clearly shewn what the agreement was.
2d. That it has been partly carried into execution on one side, with the approbation of the other. And
3d. That the party, who comes to compel a perform-anee, must shew that he has performed on his part, or ^at ^as keen, and still is, able and willing to perform his part of, the contract. 1 Maddock’s Ch. 377, ~ q
With regard to the first, we have only heard that a parol contract respecting the sale of the land had been made, but the terms of that contract we have not learn-e<^" We know not the price to have been given for the land, nor the terms of payment. We know not, *39 ££ whether it was a lease for years, for life, or a fee.” With regard to the part execution of the contract, we must not be led away by the sound of words, without giving them some rational construction. By part execution must be understood that,by mutual consent, some part of the contract has been carried into efFect. Now it is proved, that the purchaser took possession ; but there is no evidence, that he was put into possession by the vendor, or that he went in by his consent. His entry, therefore, partook more of the nature of a trespass than a part execution of the contract. I admit that when a purchaser is suffered .to continue in possession, and to make improvements, with the knowledge of the vendor, consent may be inferred ; but the purchaser, in this case, was never in actual possession. It is said, he had a tenant there, who made one crop. Titles were afterwards made, but whether in pursuance of that contract or another does not appear.'
Part execution must be by mutual consent.
where a purchaser is suffered to continue in possession and to make improvements with the knowledge of the vendor, consent may be inferred.
It seems actual possession is necessary.
The Court acts upon the ground of fraud in refusing to perform, after performance by the other party.
He who asks equity must shew that he has done equity.
Performance will be compelled when the vendee has performed his part, and gone into possession with consent of vendor.
Lastly, we have no evidence, that any part of the contract was performed on the part of the purchaser. How then could he ask performance on the other side. The ground, Mr Maddock observes, on which the Court acts, in these cases, is fraud, in refusing to perform, after performance by the other party. 1 Mad. 379.
He, who asks equity, must shew, that he has done every thing, on his part, to entitle him to it. When the purchaser has done every thing, on his part, which, by the contract, he was bound to perform, and has gone into possession with the consent of the vendor, a Court of Equity will compel titles to be made, because a ven dor shall not be permitted to convert into a trespasser one who has gone into possession under a contract, and with his own consent. The case therefore is not such that the Court would have decreed a specific performance of the contract, if that were now the question before us. I do not say that such a case might not have *40 been made out, if all the parties had been brought be-fore the Court for that purpose. But such a case has not been made out. , It must be a very strong case in-deed, which would induce the Court to determine the question in this collateral way. I do not think that the had any such title, either legal or equitable, at the time of making the will, as that the land would pass under it. He must be considered as having died intes-^ate, as to this land, and the heirs at law are entitled to 3 . a partition, according to the act. - ,
strong induce the termine the6" question of specific performance in a collateral way.
Johnson, J. concurred.